IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR BOWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00278 |
| | ) |
| CITY OF CHICAGO and POLICE | ) |
| OFFICERS BRANDON MCDONALD, | ) |
| #19423, CHRISTOPHER SIDES, #15356, | ) |
| ROBERT LARSON, #1119, JAVIER | ) |
| ROMAN, #17243, SEAN BOTTOM, | ) |
| #18938, TROY SUSNIS, #3187, and EDWIN | ) |
| DIAZ, #7213, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, LAMAR BOWENS, by and through counsel, SHILLER PREYAR JARARD & SAMUELS, and complaining of the defendants, CITY OF CHICAGO and OFFICERS BRANDON MCDONALD, #19423, CHRISTOPHER SIDES, #15356, ROBERT LARSON, #1119, JAVIER ROMAN, #17243, SEAN BOTTOM, #18938, TROY SUSNIS, #3187, AND EDWIN DIAZ, #7213, states as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff LAMAR BOWENS is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

5. Defendants BRANDON MCDONALD, #19423, CHRISTOPHER SIDES, #15356, ROBERT LARSON, #1119, JAVIER ROMAN, #17243, SEAN BOTTOM, #18938, TROY SUSNIS, #3187, and EDWIN DIAZ, #7213, ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

## FACTS

7. On or around 8 February 2020, Lamar Bowens was driving when he noticed a darkened SUV following him.

8. Fearing for his safety, instead of going straight to his destination, Mr. Bowens parked a few blocks from his mother's home.

9. As Mr. Bowens exited his car, he noticed the car that'd been following also stopped and a group a males jumped out and started chasing him.

10. Mr. Bowens ran for his life.

11. Upon reaching his mother's house, Mr. Bowens banged on the door, hoping to quickly to gain entry.

12. However, when he noticed the men approaching and did not hear anyone coming for the door, he dove headfirst through a window in an attempt to evade the men he thought were out to rob him, or worse.

13. Unbeknownst to Mr. Lamar, the persons chasing him were Defendant Officers.

14. Mr. Bowen's hand was injured while diving through the window and so he went to the bathroom to wash his wound.

15. Defendant Officers then began banging on the door, yelling for "Jacari Franklin" and insisting that if no one opened the door they would break it down.

16. When a member of the family opened the door, Defendant Officers forced their way into the house and searched it.

17. Defendant Officers then arrested Mr. Bowens.

18. There was no probable cause for the arrest of Mr. Bowens. At the time he was arrested, he had not committed, was not committing, and was not about to commit any crime.

19. Despite this, Defendant Officers then placed a patently false gun case on Plaintiff and issued him knowingly false tickets.

20. As a result of Defendant Officers' misconduct, Mr. Bowens was held in Cook County jail and denied adequate medical attention for the severed tendon in his hand.

21. Then, when Mr. Bowens finally bonded out, he was placed on house arrest and denied the opportunity to move freely to visit his children, go to work, and seek medical treatment.

22. At his preliminary hearing, the Defendant Officers committed perjury in an attempt to have Mr. Bowens convicted on these false charges.

23. Defendant Officers testified, under oath, that they:

    a. Saw Mr. Bowens drop a magazine while running;

    b. Never lost sight of Mr. Bowens;

    c. Knew for a fact that they were chasing Mr. Bowens and not anyone else; and

    d. Saw Mr. Bowens was holding onto a holster on his hip while he was running.

24. None of those statements were true.

25. In fact, the arrest report authored by Defendants even indicates that Mr. Bowens was unarmed.

26. Furthermore, at all time relevant, Jacari Franklin was 5'4, weighed about 125 pounds, and had dreadlocks.

27. At all times relevant, Mr. Bowens was 5'10, weighed about 170 pounds, and wore his hair cut close/nearly bald.

28. At the pretrial hearing on 8 February 2020, all charges against Mr. Bowens were dismissed.

29. Despite the Defendants fabricating charges against Plaintiff and perjuring themselves in an attempt to secure a false conviction, upon information and belief, none of the Defendant Officers were punished for their misconduct.

30. The Area South Gun and/or Tactical Teams track the arrests they make each year. Their officers are encouraged to make arrests, especially for guns, regardless of their constitutionality. These numbers are then used to determine whether the members receive favorable terms of employment or changes in their employment status.

31. In this manner, the City of Chicago encourages and condones the misconduct that Plaintiff suffered.

32. Although the City knows its Officers testify falsely, they have no meaningful mechanism to review or audit their officers' testimony to hold those officers accountable.

33. After being released from custody, Plaintiff was able to get surgery on his hand to fix the damage that he suffered while trying to get away from these rogue officers.

34. Mr. Bowens had to have a tendon transplant; nearly a year later he still requires physical therapy and still has not regained full range of motion in his dominant hand.

35. The acts of Defendant Officers were intentional, willful, and wanton.

36. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – False Arrest

37. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

38. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

39. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, LAMAR BOWENS, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, BRANDON MCDONALD, #19423, CHRISTOPHER SIDES, #15356, ROBERT LARSON, #1119, JAVIER ROMAN, #17243, SEAN BOTTOM, #18938, TROY SUSNIS, #3187, and EDWIN DIAZ, #7213, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Failure to Intervene

40. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.
41. Plaintiff realleges each of the foregoing paragraphs as though fully set forth here.
42. In the manner described above, by their conduct and under color of law, during the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so.
43. As a direct and proximate result of this violation of his Fourth Amendment rights, Plaintiff suffered injuries, including but not limited to loss of liberty, psychological injury, and emotional distress.
44. These Defendants had a reasonable opportunity to prevent this harm, but failed to do so.
45. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiff's clearly established constitutional rights.

7

46. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, LAMAR BOWENS, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, BRANDON MCDONALD, #19423, CHRISTOPHER SIDES, #15356, ROBERT LARSON, #1119, JAVIER ROMAN, #17243, SEAN BOTTOM, #18938, TROY SUSNIS, #3187, and EDWIN DIAZ, #7213, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Due Process Violation

47. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.
48. Defendant Officers fabricated evidence against Plaintiff by planting a gun on him in violation of the United States Constitution.
49. Plaintiff's injuries were caused by the policies, practices, and customs of Defendant City of Chicago.
50. At all relevant times, the City of Chicago promulgated rules, regulations, policies, and procedures for the arresting, reporting, and testifying regarding alleged criminal offenses.

51. These rules, regulations, policies, and procedures were implemented by officers and agents of the Chicago Police Department, including the Defendant Officers who were responsible for arresting Plaintiff for allegedly possessing a weapon.

52. Additionally, at all times relevant, Defendant City of Chicago had notice of a widespread practice by officers and agents of the Chicago Police Department under which individuals like Plaintiff, who were suspected of criminal activity, were routinely charged with criminal offenses although there was no genuine probable cause. It was common for suspects to be charged by agents of the Chicago Police Department with offenses based upon false and/or manipulated evidence.

53. These widespread practices were allowed to flourish because the leaders, supervisors, and policymakers of the Chicago Police Department directly encouraged and were thereby the moving force behind the very type of misconduct at issue, by failing to adequately train, supervise, and control their officers, agents, and employees, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses like those that affected Plaintiff.

54. The above widespread practices were so well-settled as to constitute *de facto* policy of the Chicago Police Department and were able to exist and thrive because policymakers exhibited deliberate indifference to the problem, thereby effectively ratifying it.

55. In addition, the misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago in that the constitutional violations committed against Plaintiff were committed either directly by, or with the knowledge or approval of, people with final policymaking authority for the Chicago Police Department.

56. The policies, practices, and customs set forth above have resulted in numerous acquittals, including the one at issue here, where individuals were found not guilty of possessing a weapon after being falsely accused by one or more CPD officers.

57. Plaintiff's injuries were caused by officers, agents, and employees of the City of Chicago, including but not limited to the individually-named Defendants, who acted pursuant to the policies, practices, and customs set forth above in engaging in the misconduct described in this Count.

58. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, LAMAR BOWENS, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, BRANDON MCDONALD, #19423, CHRISTOPHER SIDES, #15356, ROBERT LARSON, #1119, JAVIER ROMAN, #17243,

SEAN BOTTOM, #18938, TROY SUSNIS, #3187, EDWIN DIAZ, #7213, and CITY OF CHICAGO, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

59. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

60. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

61. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

62. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

63. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

64. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

65. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, LAMAR BOWENS, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, BRANDON MCDONALD, #19423, CHRISTOPHER SIDES, #15356, ROBERT LARSON, #1119, JAVIER ROMAN, #17243, SEAN BOTTOM, #18938, TROY SUSNIS, #3187, and EDWIN DIAZ, #7213, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 745 ILCS 10/9-102 – Indemnification

66. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.
67. Defendant City is the employer of the Defendant Officers.
68. The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant City.

WHEREFORE the Plaintiff, LAMAR BOWENS, demands that, should any of the Individually-Named Defendants, BRANDON MCDONALD, #19423, CHRISTOPHER SIDES, #15356, ROBERT LARSON, #1119, JAVIER ROMAN, #17243, SEAN BOTTOM, #18938, TROY SUSNIS, #3187, and EDWIN DIAZ, #7213, be found liable on one or

more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

### COUNT VI: Assault

54. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

55. By the actions detailed above, the Defendant Officers intentionally placed Plaintiff in reasonable apprehension of receiving offensive bodily contact.

56. By the actions detailed above, and as a direct and proximate result of the assault, Plaintiff was harmed.

57. Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, LAMAR BOWENS, demands judgment against the Defendants, BRANDON MCDONALD, #19423, CHRISTOPHER SIDES, #15356, ROBERT LARSON, #1119, JAVIER ROMAN, #17243, SEAN BOTTOM, #18938, TROY SUSNIS, #3187, EDWIN DIAZ, #7213, and CITY OF CHICAGO, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VII: Intentional Infliction of Emotional Distress

69. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

70. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

71. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

72. Defendant City is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of their respective employment.

73. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiff, LAMAR BOWENS, demands judgment against the Defendants, BRANDON MCDONALD, #19423, CHRISTOPHER SIDES, #15356, ROBERT LARSON, #1119, JAVIER ROMAN, #17243, SEAN BOTTOM, #18938, TROY SUSNIS, #3187, EDWIN DIAZ, #7213, and CITY OF CHICAGO, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VIII: Malicious Prosecution

74. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

75. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

76. Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

77. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, LAMAR BOWENS, demands judgment against the Defendants, BRANDON MCDONALD, #19423, CHRISTOPHER SIDES, #15356, ROBERT LARSON, #1119, JAVIER ROMAN, #17243, SEAN BOTTOM, #18938, TROY SUSNIS, #3187, EDWIN DIAZ, #7213, and CITY OF CHICAGO, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                Respectfully Submitted,
                **LAMAR BOWENS**

             By: /s/Jeanette Samuels
                *One of Plaintiff's Attorneys*

                SHILLER PREYAR JARARD & SAMUELS

                                            601 South California Avenue  
                                            Chicago, Illinois 60612  
                                            T: 312-226-4590  
                                            F: 773-346-1221  
                                            E: sam@chicivilrights.com